Yes. Good morning. May it please the Court? My name is Bethany Hauser for the Commissioner of Internal Revenue. The Commissioner has brought this appeal asking the Court to reverse the decision of the Tax Court in this interest abatement case. The Tax Court ordered the abatement of interest that accrued during a two-month period in 2009. The Tax Court erred here as a matter of law in its interpretation of the word The Commissioner has long interpreted that word by regulation to mean in excess... But is there a tension between the regulation and the statute? Because the statute, 6404, has these three subsections to Section A. And the first is excessive in amount. And the third is, is erroneously or illegally assessed. And doesn't that suggest that excessive includes something that is not erroneously or illegally assessed? Otherwise it's... Well, the Commissioner interprets excessive in amount to mean in excess of the legal liability as a purely mathematical matter. Wait, I'm not hearing you. Say this again. The Commissioner has interpreted in excess of the correct liability to mean simply a mathematical computation, whether somebody made an error making the assessment. Yes, but that's three. It is erroneously or illegally assessed. But subsection one is excessive in amount. And the other two sections, which includes the third, are prefaced by or. So it looks as if it can be excessive in amount or it can be erroneously assessed. And I don't see what the... Well, if you look at the appeals officer's decision in this case, she looked at certain other mechanical administrative requirements for assessment in order to ensure that it was properly done as part of the regular CDP hearing, whether it was done by an appropriate person within the IRS, requirements like that. But isn't she looking for errors? Perhaps it would be easier to say... The Commissioner interprets A1 as referring to mathematical errors and A3 as referring to the whole question of what the legal tax liability is. That's not always a mathematical question. Oh, I see. 6404A permits the abatement of taxes and penalties as well as interest. So are you saying one would be just a mechanical error, just a miscalculation, but three would be some sort of analytical error, some misunderstanding of what is owed? I'm sure that you, Your Honor, have handled tax cases where the issues were not at all mathematical. So the correct amount of tax liability, there can be errors in determining the tax liability that are not at all a question of math. And A1 refers simply to amounts that are excessive as a mathematical matter. It permits the Commissioner to readily abate those amounts when he discovers those mathematical errors. What is the significance of the fact that this litigation, the issues in the case, concern employment taxes? So these are the taxes where the employer deducts tax from the salary of his employees and remits that deduction to the government. That's right. There's also an employer's share. Right. Why is this rule about the excess or about the errors? Why is it special to employment taxes? Well, 6404E permits the abatement of amounts of interest that accrued attributable to delays, attributable to IRS errors and mistakes, but it does not apply to employment taxes. I'm sorry, what does not apply to employment taxes? 6404E does apply to errors by the IRS, which is what the taxpayer share was alleging, but it does not apply to payroll taxes. What it applies to is taxes for which there is a prepayment right to dispute the underlying tax liability in the tax court. Those are income taxes and estate and gift taxes. Interest that accrues in those cases may be accruing before the amount is finally determined. In this case, the payroll tax, there's no right to dispute until after the tax has been paid and the taxpayer has sued for a refund. That's the distinction that 6404E makes. It refers to taxes that are subject to deficiency proceedings. Wait, I'm losing the thread. Sorry. So 6404E. Is that the one? So 6404A is the one that has the excessive and the erroneously. Yes. And 6404E is the unreasonable error or delay provision. And is that latter I see. And that latter provision doesn't apply to employment taxes. That's right. So does that mean 6404E1 just has no bearing in this case? We argued that the limitations in 6404E would be written out of this code by the tax court's interpretation of 6404A1 because we thought there are two reasons that 6404E would not allow abatement here. One is that it's payroll taxes. The other one is that the additional interest that accrued was not attributable to the errors or delays of the Internal Revenue Service. The tax court went around both of those limitations in 6404E by invoking and deciding this case under 6404A. So you're saying there's a separate problem or separate objection to King's relying on 6404E1. Right. You can't rely on 6404E1 because it's payroll taxes. And you're saying with regard to A it's A, isn't it, where the tax court gave this very broad interpretation of what is excessive and equating it to unfair. Yes, yes. Excessive, the tax court interpreted excessive in A1 to mean unfair under all the facts and circumstances. That was a very broad interpretation in this case, reading some of the limitations of 6404E out of the statute and it has the potential to be much broader because unlike 6404E, 6404A is not limited to interest. Also, if you look at what happened administratively in this case, the appeals officer looked at a small number of relatively simple factors to determine whether interest should be abated. She looked at whether it was excessive in amount. She looked at whether it was that's an example of a potentially illegal assessment that would not be excessive. And she also looked at this question about whether the interest would have accrued in any event, even if the IRS had not sent this unfortunate letter in March 2009. And she concluded that it was not illegally or erroneously assessed. It was not untimely assessed. It was not excessive in amount and it would have accrued in any event and therefore she was able to deny the request for interest abatement without doing a great deal of additional investigation into the entirety of the taxpayer's circumstances, which is what the tax court standard seems to require. Because interest is running in every collection due process case that always concern unpaid taxes and interest is always running. It potentially broadens the scope of those proceedings dramatically to ask the appeals officers to take into account all the facts and circumstances, even after they have done what the appeals officer did here, confirmed that the amounts were correctly and legally assessed, correctly computed, timely assessed, and that no other exceptions apply. That is the reason we have brought this appeal. If the panel has no further questions for me, I will ask you to affirm for the reasons in our brief. I'm sorry, to reverse the decision of the tax court for the reasons in our brief. Thank you very much. Okay, thank you very much. That concludes our day of arguments. We will be in recess.